# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| ABC Data Entry Systems, Inc. ) | ASBCA No. 59865 |
| ) | |
| Under Contract No. GS-03F-0148V ) | |
| Delivery Order No. W912P6-13-F-0008 ) | |

APPEARANCE FOR THE APPELLANT:     Ms. Dorothy Powell
    Vice President

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
    Engineer Chief Trial Attorney
    Kevin J. Jerbi, Esq.
    James L. Roth, Esq.
    Engineer Trial Attorneys
    U.S. Army Engineer District, Chicago

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant complains that the government negligently estimated the amount of work to be performed under an indefinite-quantity contract. The parties agreed to submit the appeal on the record pursuant to Board Rule 11.

## FINDINGS OF FACT

On 5 November 2009, the General Services Administration (GSA) and appellant, ABC Data Entry Systems, Inc. (ABC), entered into Schedule Contract No. GS-03F-0148V, for scanning and other document conversion services (R4, tab 11). As the parties stipulate (R4, tab 12, ¶¶ 3-5), the schedule contract includes (1) Federal Acquisition Regulation (FAR) clause 52.216-22, INDEFINITE QUANTITY (DEVIATION I - JAN 1994); (2) a "Guaranteed Minimum" clause providing that "[t]he minimum that the Government agrees to order during the period of this contact is $2,500"; and (3) FAR 52.211-16, VARIATION IN QUANTITY (APR 1984), which (as set forth in the schedule contract) provides, at paragraph (a):

> A variation in the quantity of any item called for by this contract will not be accepted unless the variation has been caused by conditions of loading, shipping, or packing, or allowances in manufacturing processes, and then only to the extent, if any, specified in paragraph (b) below.

(*Id.* at 15, 24, 134 of 146)

On 8 July 2013, ABC and the U.S. Army Corps of Engineers (government) entered into Delivery Order No. W912P6-13-F-0008, for a total award amount of $50,375 (R4, tab 1 at 1). The delivery order recites that the schedule contract applies to the delivery order, and lists line items, quantities, and unit prices for document scanning (*id.* at 1, 3-6). The parties stipulate that, according to the bid schedule, the government estimated that 900,500 pages would be scanned (R4, tab 12, ¶ 12). The parties further stipulate that, ultimately, the government provided a total of 454,608 pages to be scanned (*id.*, ¶ 13), and that the government paid ABC $13,692.31 for scanning (*id.*, ¶ 14).

On 25 November 2014, ABC presented to the contracting officer a claim for $36,250, alleging that the government "failed to provide the required number of documents to be scanned" (R4, tab 8 at 1, 7). ABC alleged that "[t]he contract...was for [the processing of] 900,500 images," and that "[t]he reduced quantity [sic] 453,000 of documents actually processed...was 50% smaller," which "increased our overhead and other costs and will put us in a loss situation unless the claim is approved" (*id.* at 1-3). The claim does not use the term "breach" (*id.* at 1-3). The contracting officer denied the claim on 10 February 2015 (R4, tab 6). ABC timely appealed on 3 March 2015.

## DECISION

In its 23 June 2016 brief to the Board, ABC asserted that the government breached the contract by violating FAR 52.211-16, and by negligently estimating the number of pages to be scanned. On 27 June 2016, we asked the parties how the pertinence of GSA schedule contract provisions to the dispute might affect our jurisdiction in view of *Sharp Electronics Corporation v. McHugh*, 707 F.3d 1367 (Fed. Cir. 2013). In response, (1) the government asserted that the Board did not have jurisdiction to entertain any "breach of contract or negligent estimate claims" (21 July 2016 filing at 2), and (2) ABC abandoned its reliance upon FAR 52.211-16, asserting that "given the harm caused by the [government's] negligent estimate, [the] appeal should still be granted" (23 September 2016 filing at 2).

Because ABC has abandoned its reliance upon FAR 52.211-16, the only question before us is whether the government breached the contract by negligently estimating the work. If there is no dispute regarding the meaning of GSA schedule contract provisions that are relevant to an appeal, we may apply those provisions to the relevant facts; however, if resolving the dispute requires us to interpret any provision of a schedule contract, we do not have jurisdiction to entertain the appeal. *Sharp Electronics*, 707 F.3d at 1374. In the latter case, the dispute must first go to a GSA scheduling contracting officer, and then, if the contractor seeks further review, to the Civilian Board of Contract Appeals or the United States Court of Federal Claims. *See id.* at 1372-47 & nn.2, 3. Here, now that ABC no longer relies upon FAR 52.211-16, the only schedule contract provisions relevant to the dispute are the Indefinite Quantity and Guaranteed Minimum clauses; the parties do not dispute the meaning of either,

2

and we need not interpret either. Consequently, that the dispute involves schedule contract provisions is not a bar to our exercising jurisdiction.

The government also contends that we do not possess jurisdiction to entertain any breach of contract claim here because, it says, ABC did not present a breach claim to the contracting officer (gov't br. at 3). The Board has jurisdiction to entertain claims that arise from the same operative facts as those presented to the contracting officer, claim essentially the same relief, and merely assert differing legal theories for that recovery. *King Aerospace, Inc.*, ASBCA No. 57057, 16-1 BCA ¶ 36,451 at 177,651. ABC's claim to the contracting officer includes the assertions that "the contract...was for 900,500 images" but that the government "failed to provide the required number of documents to be scanned," "provid[ing] 453,000 documents," which "was 50% smaller than specified in the contract." We find that the allegations before us that the government breached the contract "based on its negligent estimates of required documents to be scanned" (app. br. at 5) are the same operative facts set forth in the claim to the contracting officer, and that there is no indication that appellant seeks in this appeal anything more than essentially the same relief it sought from the contracting officer. Rather, ABC merely asserts a breach theory that it did not label as such in its claim to the contracting officer, even though it used there the term "failed," which is virtually synonymous with the term ''breached." *See* 130 BLACK'S LAW DICTIONARY (abr. 6th ed. 1991). Accordingly, we have jurisdiction to entertain ABC's negligent-estimate breach claim.

On the merits of that claim, the parties agree that the GSA schedule contract, which applies to the delivery order, includes the Indefinite Quantity clause and a guaranteed minimum; indeed, we find no dispute that the contract at issue is of the indefinite-quantity type. *See generally United Healthcare Partners, Inc.*, ASBCA No. 58123, 16-1 BCA ¶.36,374 at 177,320 (explaining characteristics of indefinite quantity contracts). The government will not be held liable for a negligent estimate in an indefinite-quantity contract. *Id.* We do not examine the reasonableness of the estimates in indefinite-quantity contracts, and any reliance on such estimates is misplaced. *Crown*

*Laundry & Dry Cleaners, Inc.*, ASBCA No. 39982, 90-3 BCA ¶ 22,993 at 115,481, *aff'd*, 935 F.2d 281 (Fed. Cir. 1991) (table). Accordingly, ABC's "negligent estimate" claim provides no basis for relief, and the appeal is denied.[*]

Dated: 10 November 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59865, Appeal of ABC Data Entry Systems, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[*] ABC states that the government "was also negligent in estimating the period of performance" (app. br. at 5), but that passing, single-sentence reference does not sufficiently develop that issue; which is, therefore, waived. *See ArcelorMittal France v. AK Steel Corp.*, 700 F.3d 1314, 1325 n.6 (Fed. Cir. 2012); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).

4